UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES GORHAM,** § | |
| 7958 Riggs Road, #11 § | |
| Hyattsville, Maryland 20783 § | |
| § | |
| INDIVIDUALLY AND ON BEHALF OF ALL § | |
| OTHERS SIMILARLY SITUATED, § | |
| § | |
| *Plaintiff,* § | Civil Action No. _____ |
| § | |
| v. § | |
| § | |
| **BEHAVIORAL RESEARCH** § | **JURY TRIAL DEMANDED** |
| **ASSOCIATES, INC.,** § | |
| P.O. Box 492110 § | |
| Fort Washington, Maryland 20749 § | |
| § | |
| **Serve on:** § | |
| Anne Gordon § | |
| 7408 Grange Hall Drive § | |
| Fort Washington, Maryland 20744 § | |
| § | |
| and § | |
| § | |
| **ANDREW GORDAN** § | |
| 12201 Hollybank Drive § | |
| Fort Washington, Maryland 20744 § | |
| § | |
| *Defendants.* § | |

**ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

**SUMMARY OF ALLEGATIONS**

1.   This is a Fair Labor Standard Act ("FLSA") case. Defendants Behavioral Research Associates, Inc. and Andrew Gordon (collectively "Defendants") did not compensate Plaintiff James Gorham ("Gorham") and other non-exempt hourly employees for all hours worked and did not pay them at one-and-one-half times their hourly rates of pay for all hours worked in excess of forty hours per week. As a result, Defendants knowingly, willfully, and

1

intentionally violated the FLSA and the laws of the District of Columbia. *See* 29 U.S.C. § 201 *et seq.*; D.C. CODE § 32-1003. Gorham therefore brings this collective and class action on behalf of himself and other similarly situated former and current employees of Defendants to recover unpaid wages and overtime pay, liquated damages, and attorneys' fees.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over the claims for relief under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367.

3. Behavioral Research Associates, Inc. is a Maryland corporation that manages living communities for the mentally handicapped in the District of Columbia. As Behavioral Research Associates, Inc. has systematic and continuous contacts with the District of Columbia, it is subject to personal jurisdiction in this District.

4. Andrew Gordon is a resident of Maryland and owner of Behavioral Research Associates, Inc. As Andrew Gordon has systematic and continuous contacts with the District of Columbia, he is subject to personal jurisdiction in this District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because Behavioral Research Associates, Inc. is subject to personal jurisdiction in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Defendants are engaged in interstate commerce in this District.

### THE PARTIES

7. Behavioral Research Associates, Inc. is a Maryland corporation that manages living communities for the mentally handicapped in the District of Columbia. Behavioral Research Associates, Inc. operates several living communities throughout the Washington D.C.

metropolitan area. Behavioral Research Associates, Inc. can be served through its registered agent, Anne Gordon, 7408 Grange Hall Drive, Fort Washington, Maryland 20744, or wherever else she may be found.

8. Andrew Gordon is a resident of Maryland and owner of Behavioral Research Associates, Inc. Andrew Gordon can be served at 12201 Hollybank Drive, Fort Washington, Maryland 20744, or wherever else he may be found.

9. Plaintiff James Gorham and the putative classes, as set forth below, are all current or former employees of Defendants who are or were employed as hourly-paid "Direct Care Workers" or in other job titles performing similar job duties. While he was a Direct Care Worker, Plaintiff Gorham's job responsibilities were caring for the mentally handicapped residents of Defendants' living communities, such as helping them stay clean and taking them to their doctors' appointments. Plaintiff Gorham's consent to this action is attached as Exhibit A.

### COVERAGE

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

14. At all times hereinafter mentioned, Plaintiff Gorham and the members of the collective action class were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

15. At all times hereinafter mentioned, Plaintiff Gorham and the members of the class action class are or were employed within the District of Columbia in that they regularly spend or spent more than 50% of their working time in the District of Columbia; or their employment is based in the District of Columbia and they regularly spend or spent a substantial amount of their working time in the District of Columbia and not more than 50% of their working time in any particular state.

### THE CLASS

16. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiff Gorham and all other persons who are or have been employed by Defendants as Direct Care Workers, or individuals having similar job responsibilities but varying titles (hereinafter the "Collective Action Class"), between November 7, 2003 and the date of the final disposition of this action (hereinafter the "Collective Action Class Period").

17. In addition, Plaintiff Gorham and the class members seek protection under the wage laws of the District of Columbia. Accordingly, they seek to pursue class claims pursuant to

Federal Rule of Civil Procedure 23 and District of Columbia Code section 32-1012(b). Plaintiff Gorham seeks to represent himself and all persons similarly situated who are or were employed on an hourly basis in the District of Columbia as Direct Care Workers, or individuals having similar job responsibilities but varying titles (hereinafter the "Class Action Class"), since November 7, 2003 (hereinafter the "Class Action Class Period").

### ALLEGATIONS OF THE PLAINTIFF AND THE CLASS

18. Plaintiff Gorham and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

19. Defendants operate several living communities for mentally handicapped individuals throughout Washington, D.C. and the nation. Defendants employed individuals as Direct Care Workers, or individuals with similar duties but different titles, and these individuals were paid an hourly rate of pay in those jobs.

20. The job duties of Direct Care Workers are to provide the residents of Defendants' living communities with assistance in their everyday needs and to supervise their actions. The Direct Care Workers also create and maintain reports on the conditions of the residents.

21. The employees in the Direct Care Worker position are full time, non-exempt employees of Defendants and are paid at an hourly rate. When Plaintiff Gorham held this position he was a full time, non-exempt employee of Defendants and was paid an hourly rate.

22. Plaintiff Gorham and the other members of the collective action class and class action class regularly worked more than 40 hours per week.

23. Defendants also required individuals employed in the Direct Care Worker position to perform work for which they are not compensated. In particular, the Direct Care Workers are often required to work up to thirty minutes before their shift for which they were not compensated. Thus, they are not compensated for the full amount of time that they work.

24. Furthermore, on at least one occasion Defendants did not compensate Plaintiff Gorham and the collective action class and class action class members for their time at one and half times their regular rate of pay for all hours worked in excess to forty hours in a given week.

25. These employment practices and compensation policies constitute willful, knowing, and intentional violations of the FLSA and the laws of the District of Columbia.

### COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff Gorham and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

27. The collective action that Plaintiff Gorham proposes encompasses all individuals who work or worked as hourly-paid Direct Care Workers, or in hourly-paid jobs having similar job responsibilities regardless of title, that worked for Defendants between November 7, 2003, and the final disposition of this action.

28. The persons who elect to join the proposed Collection Action Class will be represented by Plaintiff Gorham.

29. During the Collective Action Class Period, the duties and responsibilities of the jobs held by members of the proposed collective action were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiff Gorham.

30. Plaintiff Gorham and the members of the proposed Collective Action Class are or were subject to at least one of the unlawful compensation policies and practices set forth in the above paragraphs.

31. Accordingly, Plaintiff Gorham and all the members of the proposed Collective Action Class are "similarly situated" within the meaning prescribed by 29 U.S.C. § 216(b).

32. The names and addresses of the potential members of the Collective Action Class are available from Defendants, and notice should be provided to the Collective Action Class via first class mail to the last address known to Defendants as soon as possible.

## CLASS ACTION ALLEGATIONS

33. Plaintiff Gorham and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

34. In addition to qualifying as a collective action maintained pursuant to the FLSA, this action is brought as a class action pursuant to Rule 23 under the wage and hours laws of the District of Columbia. *See also* D.C. CODE § 32-1012(b).

35. Plaintiff Gorham proposes to maintain a class that encompasses all individuals who work or worked as hourly-paid Direct Care Workers, or in hourly-paid jobs having similar job duties and responsibilities regardless of the job title, for Defendants at any time between November 7, 2003 and the final disposition of this action. Upon information and belief, the Class Action Class is so numerous that joinder of all members of the class is impractical.

36. Questions of law and fact common to the Class Action Class as a whole include, but are not limited, to the following:

    a. Whether Defendants' policy of failing to pay employees for all hours worked violates the District of Columbia Wage and Hour Laws;

    b. Whether Defendants' policy of paying employees their regular hourly rates for all hours worked, even those in excess to forty hours in a week, violates the District of Columbia Wage and Hour Laws; and

    c. Whether Defendants credited Plaintiff Gorham and the Class Action Class with the wages that they were entitled to be paid as required by the District of Columbia Wage and Hour Laws.

37. During the Class Action Period, the duties and responsibilities of the jobs held by the members of the proposed class were the same or substantially similar to the duties and responsibilities of the jobs held by Plaintiff Gorham.

38. Furthermore, Plaintiff Gorham and the members of the Class Action Class are and were subject to Defendants' policies and/or practices of failing to pay employees for all hours worked and failing to pay employees overtime. Plaintiff Gorham's claims are therefore typical of those of the Class Action Class and Plaintiff Gorham can and will fairly and adequately represent and protect the interests of the Class Action Class.

39. Plaintiff Gorham has obtained counsel competent and experienced in class actions and, in particular, wage and hour cases.

40. Class certification as to the claims of the Class Action Class is appropriate pursuant to Federal Rule of Civil Procedure 23 because adjudications with respect to the individual members of the Class Action Class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class Action Class, making appropriate relief with respect to Plaintiff Gorham and the Class Action Class as a whole and/or pursuant to Federal Rule of Civil Procedure 23(b)(3) because the common issues of fact and/or law would predominate over any individual issues. Plaintiff Gorham intends to send notice to all members of the Class Action Class to the extent required by Rule 23 and District of Columbia Code section 32-1012(b). Plaintiff Gorham may bear the initial cost of such notice but will seek reimbursement of this cost from Defendants. Plaintiff Gorham will receive any response to such notice.

**CAUSES OF ACTION**

41. Plaintiff Gorham and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

42. Defendants' failure to pay Plaintiff Gorham and the collective action class members for all the time worked is in violation of the FLSA. 29 U.S.C. § 206(a)(1). Accordingly, Plaintiff Gorham and the collective action class members are entitled to their unpaid time in an amount equal to their regular rates of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times their regular rates of pay for all time worked over forty hours in a work week.

43. Defendants' failure to pay Plaintiff Gorham and the collective action class members overtime wages at one-and-one-half times their regular rate of pay is in violation of the FLSA. 29 U.S.C. § 207. Accordingly, Plaintiff Gorham and the collective action class members are entitled to their unpaid overtime in an amount equal to one-half times their regular rates of pay for each hour over forty hours per week.

44. Additionally, Plaintiff Gorham and the collective action class members are entitled to an equal amount to all of their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the FLSA. 29 U.S.C. § 216(b).

45. Defendants' failure to pay Plaintiff Gorham and the class action class members for all the time worked was in violation of the laws of the District of Columbia. *Id.* § 32-1003(d). Accordingly, Plaintiff Gorham and the class action class members are entitled to their unpaid time in an amount equal to their regular rates of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times their regular rates of pay for all time worked over forty hours in a work week. *Id.* § 32-1012(a).

46.     Defendants' failure to pay Plaintiff Gorham and the class action class members overtime wages at one-and-one-half times their regular rates of pay is in violation of the laws of the District of Columbia. D.C. CODE § 32-1003(c). Accordingly, Plaintiff Gorham and the class action class members are entitled to their unpaid overtime in an amount equal to one-half times their regular rates of pay for each hour over forty hours per week. *Id.* § 32-1012(a).

47.     Additionally, Plaintiff Gorham and the class action class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the laws of the District of Columbia. *Id.* § 32-1012(a), (c).

### CLAIMS FOR RELIEF

WHEREFORE, Plaintiff Gorham respectfully requests that the Court:

a.      determine the damages sustained by Plaintiff Gorham and the members of the Collective Action Class during the Collective Action Class Period as a result of Defendants' willful and intentional violations of 29 U.S.C § 207(a), and award such back pay against Defendants in favor of Plaintiff Gorham and all the members of the Collective Action Class, plus an additional equal amount as liquated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

b.      determine the earnings lost by Plaintiff Gorham and the members of the Class Action Class during the Class Action Class Period as a result of Defendants' willful and intentional violations of D.C. Code § 32-1003, and award all appropriate damages and all statutory damages and penalties resultant therefrom to Plaintiff Gorham and the members of the Class Action Class, including an additional equal amount as liquated damages pursuant to District of Columbia Code section 32-1012(a);

    c.    award Plaintiff Gorham and the members of the both the Collective Action Class and the Class Action Class their attorneys' fees and costs and disbursements of this suit, including, without limitation, reasonable accountants', investigators', and experts' fees; and

    d.    grant Plaintiff Gorham and the members of both the Collective Action Class and the Class Action Class such other and further relief, including, without limitations, injunctive relief were appropriate, as the Court may deem just and proper or that is allowed under any federal law or District of Columbia law violated by Defendants' conduct described herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

*/s/ Steven A. Luxton /by Patrick Elkins*

Steven A. Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEY FOR PLAINTIFF GORHAM,
THE MEMBERS OF THE COLLECTIVE ACTION CLASS
AND THE MEMBERS OF THE CLASS ACTION CLASS

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Rex Burch
BRUCKNER BURCH PLLC
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.877.8788
713.877.8065 (facsimile)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
James Gorham

## DEFENDANTS
Behavioral Research Associates, Inc. and Andrew Gordon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven A. Luxton
Edwards Burns & Krider LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
(410) 454-0012
(410) 454-0146 (facsimile)

CASE NUMBER   1:06CV01931

JUDGE: Royce C. Lamberth

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/__/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* <br> *2255* <br><br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ H. *Employment* <br> *Discrimination* <br><br> ☐ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, <br> national origin, <br> discrimination, disability <br> age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY* <br> *ACT* <br><br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions <br> (if Privacy Act) <br><br><br><br> *(If pro se, select this deck)* | ○ J. *Student Loan* <br><br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (excluding veterans) |
|---|---|---|---|
| ⦿ K. *Labor/ERISA* <br> *(non-employment)* <br><br> ☒ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & <br> Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights* <br> *(non-employment)* <br><br> ☐ 441 Voting (if not Voting Rights <br> Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities- <br> Employment <br> ☐ 446 Americans w/Disabilities- <br> Other | ○ M. *Contract* <br><br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & <br> Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of <br> Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ N. *Three-Judge Court* <br><br> ☐ 441 Civil Rights-Voting <br> (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff is suing his former employer for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☒   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 11/07/2006   SIGNATURE OF ATTORNEY OF RECORD  *Steven A. Luxton* /s/ *Patrick Elkins*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.